IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP MANESS,

    Petitioner,     No. CIV-S-06-0409 FCD KJM P

vs.

D. L. RUNNELS, et al.,

    Respondents.     <u>FINDINGS AND RECOMMENDATIONS</u>

/

    Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a sentence of twenty-five-years-to-life imprisonment following his 2003 Shasta County conviction for second degree robbery. Petitioner was convicted following a bench trial, which took place after he waived his right to a jury. Petitioner asserts five grounds for relief.

I. <u>Standard For Habeas Corpus Relief</u>

    An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any

/////

/////

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

/////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 127 S. Ct. 2321, 2326-27 (2007).

2

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

"Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

II. Background

On direct appeal, the California Court of Appeal summarized the facts supporting petitioner's conviction and the trial court proceedings as follows:

> On March 27, 2002, John Shaver, a plainclothes security officer at Safeway supermarket in Shasta County, saw defendant enter the store, pick up some bags of candy, a package of hamburger, and a case of beer, and walk out without paying. Shaver followed defendant to the store parking lot, approached defendant, displayed his badge, and began to talk to defendant about store security. In response, defendant dropped the merchandise, exclaimed "fuck no," and struck Shaver. Another security officer came to Shaver's aid and defendant struck both Shaver and the other officer during

> the ensuing struggle. The two officers, with the assistance of three store customers, finally subdued defendant, who had been yelling about having to feed his starving children.
>
> Defendant was charged by information with second degree robbery (§ 211–count one; further undesignated statutory references are to the Penal Code), petty theft with a prior (§ 666–count two), and battery (§ 242–count three). The information also alleged as to counts one and two that the defendant had suffered prior convictions for two serious or violent felonies under the three strikes law (§§ 1170.12, 667, subd. (d) (§ 667(d)) and that he had served two prior prison terms (§ 667.5, subd. (b) (§ 667.5 (b)).
>
> Defendant executed a written agreement waiving his right to a jury trial and agreeing to submit the case to the court on the preliminary hearing transcript and the police reports in exchange for dismissal of the section 667(d) and section 667.5(b) allegations, with a maximum prison term of no more than 25 years to life. At the change of plea hearing, defense counsel stated he had explained defendant's rights to him and that he agreed with defendant's waiver and plea. Counsel also indicated he would be filing a motion to strike one of the prior conviction allegations pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).
>
> Following argument, the court found defendant guilty of count one. Counts two and three were stricken because they were lesser included offenses of count one. The court also found that defendant committed the two prior strike felonies. The court subsequently denied defendant's *Romero* motion and sentenced defendant to a prison term of 25 years to life.

Resp'ts' Lodged Doc. #2 at 2-3.

III. Arguments And Analysis

    A. Sufficiency Of The Evidence

        Petitioner's first claim is that the evidence presented to the court is not constitutionally sufficient to support petitioner's conviction for robbery. Am. Pet. at 6. In particular, petitioner asserts there was no evidence to support the use of force or fear element of the offense. Id. Under Jackson v. Virginia, 443 U.S. 307, 319 (1979), a criminal conviction will stand if, after viewing the evidence in the light most favorable to the prosecution, the court finds that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

On direct appeal, the California Court of Appeal cited California law, which supports the proposition that the force or fear required to commit a robbery can be accomplished during the carrying away of the items that were taken if not at the time of the theft itself. Resp'ts' Lodged Doc. #2 at 4 (citing People v. Pham, 15 Cal. App. 4th 61, 65 (1993)). Petitioner does not dispute that this is a correct interpretation of California law. What petitioner does dispute is whether it could have been proved beyond a reasonable doubt that petitioner was continuing the act of taking when he used force against security officer Shaver and his assistant after, he says, "abandoning the loot." Am. Pet. at 6.

It is not disputed that petitioner threw the items he had taken to the ground before his confrontation with Shaver and his colleague. RT 39, 41; CT 24, 35, 40-41, 83, 85, 86.[2] Additionally, nothing in the record suggests that petitioner tried to reclaim the items he took either during the confrontation or after. Rather, he was injured and transported for medical treatment. RT 39, 42; CT 86; SCT 3. At the same time, the physical confrontation prevented Shaver and his colleague from immediately recovering the goods taken by petitioner. Under California law, "[a] very slight movement is sufficient for asportation, and there is no requirement that the robber have manual possession of the property." Pham, 15 Cal.App. 4th at 65. Moreover, "[t]he robber's escape with the loot is not necessary to commit the crime." Id. The facts of petitioner's case thus are sufficient to constitute the use of force or fear necessary for robbery. Petitioner's first claim must be rejected.

B. "Bunnell" Error

Next, petitioner asserts the trial court violated the California Supreme Court precedent of Bunnell v. Superior Court, by failing to inform petitioner before he waived his right to a jury trial that he most likely would be found guilty of robbery if petitioner proceeded to a

---

[2] The Reporter's Transcript (RT) has been lodged as Respondent's Lodged Doc. No. 16. The Clerk's Transcript (CT) has been lodged as Respondent's Lodged Doc. No. 15; while there are two lodged documents with this number, the cited pages are from the larger of the two. The smaller transcript is hereafter identified as a Supplemental Clerk's Transcript, or SCT.

5

court trial having submitted the matter on the preliminary hearing transcript and police report while maintaining his plea of not guilty. Am. Pet. at 6; see Bunnell, 13 Cal. 3d 592, 605 (1975).

As indicated above, a writ of habeas corpus cannot issue for violations of state law. 28 U.S.C. § 2254(a). Moreover, petitioner has no federal right resembling the one created under Bunnell. Petitioner's second claim must be rejected.

In articulating this claim, petitioner also appears to suggest he was purposefully misled by the trial court into waiving his right to a jury trial with promises of leniency. The court finds no factual support for this assertion in the record. See RT 18-36.

C. Ineffective Assistance Of Counsel

Petitioner claims he received ineffective assistance of trial counsel because counsel failed to question witnesses identified in the police report generated after he was arrested and in the transcript of petitioner's preliminary hearing. Am. Pet. at 8.

The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims arising under the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Id. at 688. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743 F.2d 714, 717-18 (9th Cir. 1984) (per curiam). Petitioner says only that he was deprived of a

/////

"vigorous defense," but makes no attempt to establish he was prejudiced by counsel's action. No prejudice appears in the record. This claim also must be rejected.

### D. Police Misconduct

Petitioner asserts the police offers who investigated his shoplifting incident "purposely made beneficial defense witnesses unavailable." Am. Pet. at 8. However, petitioner fails to point to any evidence suggesting this was so, or if it was that it prejudiced him at trial by contributing to his conviction. Miller v. Eklund, 364 F.2d 976, 978 (9th Cir. 1966) ("Misconduct by the police, however reprehensible, is not a ground for federal habeas corpus if it does not contribute to a conviction."). To the extent petitioner believes police officers did not adequately investigate the shoplifting, petitioner fails to state a claim upon which relief can be granted because he has no constitutional right to a police investigation, adequate or otherwise.

### E. Promises Of Leniency

In ground five, petitioner appears to reiterate his assertion that he only agreed to waive his right to a jury trial based on promises of leniency made by the trial court in exchange for the waiver. Am. Pet. at 7. Again, no such promises appear in the record.

## IV. Conclusion

For the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1
mane0409.157